ORIGINAL

# In the United States Court of Federal Claims

No. 14-515C

(Filed: January 12, 2015)

FILED

JAN 1 2 2015

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JACKIE RAY CEARLEY,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DISMISSAL FOR FAILURE TO PROSECUTE

  The Court, by its own motion, raises the dismissal of Plaintiff's complaint for failure to prosecute under Rule 41(b). On August 14, 2014, the Government filed a Motion to Dismiss Plaintiff's Complaint, Dkt. No. 10. Plaintiff failed to respond to the motion to dismiss by the Court's September 15, 2014 deadline. Thus, on December 4, 2014, the Court issued an Order directing Plaintiff to respond to the Government's motion to dismiss by January 5, 2015, Dkt. No. 11. Yet, Plaintiff continues to remain unresponsive to the Court's orders.

  Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." Whiting v. United States, 99 Fed. Cl. 13, 17 (2011) (citing Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir. 1986)). Here, Plaintiff failed to respond to the Government's motion to dismiss and to the Court's show cause order. Dismissal is therefore not only appropriate, but required to maintain efficient usage of the Court's resources.

The Court is mindful of Plaintiff's *pro se* status and has carefully considered the possibility that Plaintiff may not be familiar with the Court's rules and procedures. Although *pro se* litigants are generally afforded some leniency in procedural matters, this less stringent standard does not permit a party to disregard the timetables set by court rules or the show cause order issued by the Court. See Carpenter v. United States, 38 Fed. Cl. 576, 578 (1997) (noting that the less stringent standard "does not allow a plaintiff to wholly disregard the timetable set by the court's rules, messages left by the court, or a show cause order"); see also Brown v. United States, 22 Cl. Ct. 211, 213 (1990) ("[t]he court is sensitive to the special hardships of *pro se* plaintiffs, however, "latitude" does not equal "free rein" and there comes a point where the court must say enough is enough"). The December 4, 2014 show cause order explicitly warned Plaintiff that failure to respond to the order would result in the case being dismissed. Despite being given every opportunity to proceed with his case, Plaintiff has failed to take the required steps necessary for further adjudication of his case in this Court.

Accordingly, this case is DISMISSED, with prejudice, for failure to prosecute in accordance with Rule 41(b). Due to the multiplicity of frivolous suits Plaintiff filed this year, the Court also directs the Clerk of Court not to accept any complaints or other filings from Plaintiff absent a direct order from the Court.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge